NIBLEY-MIMNAUGH LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17527.  Promulgated June 14, 1935.

*Allan A. Smith, Esq.*, and *John B. Peery, Esq.*, for the petitioner.
*Elden McFarland, Esq.*, and *W. S. Lines, Esq.*, for the respondent.

OPINION.

MATTHEWS: From the Board's decision in this proceeding, following the opinion of September 13, 1932, 26 B. T. A. 978, the respondent filed a petition for review in the Court of Appeals for the District of Columbia. That court remanded the proceeding on May 7, 1934, *Commissioner* v. *Nibley-Mimnaugh Lumber Co.*, 70 Fed. (2d) 843, with instructions " to set aside the order appealed from and to rehear the matter on the single question whether respondent was on the cash or accrual basis." The mandate further directed that " if the Board shall find it was on the accrual basis, the order heretofore entered shall be reinstated; if it shall determine respondent was on the cash basis, a final order in favor of the Commissioner shall then be entered."

Pursuant to the mandate, the Board, by order of May 15, 1934, set aside its decision of March 17, 1933, and a rehearing of the single question therein directed to be reheard was held on September 15, 1934.

In 1923 petitioner kept its books in accordance with the method of accounting regularly employed in prior years. It made no change in that method in 1923. It computed net income in its 1923 return in accordance with the method of keeping its books. As a part of that method, petitioner maintained, among others, the following accounts: accounts receivable, bills receivable, accounts payable, bills payable, inventory, and reserve for bad debts. The financial opera-

tions evidenced by all of those accounts were included in the computation of net income on the books. Except for the two relatively unimportant items of interest on receivables and taxes, income was accounted for when earned, whether received or not, and all expenses were accounted for when incurred, whether paid or not.

Based upon the foregoing, we find as a fact that petitioner's books of account were kept on an accrual basis.

In accordance with the court's mandate directing that the decision of the Board be reinstated, if the Board finds that petitioner was on an accrual basis,

> *Judgment will be entered of " Deficiency or overpayment, none; and unpaid assessment to be abated, $48,526.91."*